**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**DEBBIE EINMO**

      **Plaintiff,**

v.                                                  **Case No. 8:06-cv-1371-T-27TBM**

**CSA, LTD., COMBAT SUPPORT**
**ASSOCIATES, (A JOINT VENTURE),**
**AECOM GOVERNMENT SERVICES, INC.,**
**SMI INTERNATIONAL CORPORATION,**
**and RESEARCH ANALYSIS AND**
**MAINTENANCE, INC.,**

      **Defendants.**
      _____/

**REPORT AND RECOMMENDATION**

THIS MATTER is before the court on referral by the Honorable James D. Whittemore for a Report and Recommendation on Defendants' **Motion to Dismiss Amended Complaint Against CSA, LTD., Combat Support Associates, & SMI International Corporation for Failure to Timely Serve Process** (Doc. 20). By their motion, CSA, Ltd., Combat Support Associates, and SMI International Corporation ("Defendants"), pursuant to Fed. R. Civ. P. 4(m), seek an order dismissing the Amended Complaint on grounds that Plaintiff failed to effect service by February 12, 2007, the deadline for service under the court's prior order, and has not done so to date. Plaintiff filed a response in opposition urging grounds for a further extension of time. (Doc. 21). A telephonic hearing was conducted on August 2, 2007.

At the hearing, Plaintiff's counsel announced that because he still has been unable to perfect service on CSA, Ltd., Combat Support Associates, and SMI International Corporation,

he is willing to withdraw the opposition to the motion to dismiss as long as dismissal is without prejudice. Counsel for Defendants advise that they do not oppose the dismissal being without prejudice. The statute of limitations was not addressed by Plaintiff's counsel but defense counsel indicated that she did not think it had run.

A plaintiff must serve a defendant with a summons and complaint within the time frame set forth in Rule 4(m) of the Federal Rules of Civil Procedure. Rule 4(m) provides in pertinent part:

> If the service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period. . . .

Fed. R. Civ. P. 4(m). The 120-day limit in Rule 4(m) is inapplicable in cases involving service in a foreign country. Fed. R. Civ. P. 4(m).

On December 12, 2006, the court entertained a similar request and granted Plaintiff an extension, directing that Plaintiff serve process on the Defendants by February 12, 2007.[1] (Doc. 6). Despite this extension, Plaintiff has been unable to serve either the domestic Defendants, Combat Support Associates and SMI International Corporation, or the foreign Defendant, CSA, Ltd. While the Plaintiff's response to Defendants' motion urges continued extenuating circumstances as cause for granting a further extension, I do not reach that issue

---

[1] Defendants AECOM Government Services, Inc., and Research Analysis and Maintenance, Inc., were served with process in January 2007. (Doc. 8, ¶¶ 3-4).

in light of Plaintiff's announcement at the hearing and the Defendants' acquiescence in the same.

Where the rule permits dismissal, it directs that it be without prejudice. Accordingly, I RECOMMEND that the court grant Defendants' **Motion to Dismiss Amended Complaint Against CSA, LTD., Combat Support Associates, & SMI International Corporation for Failure to Timely Serve Process** (Doc. 20) and order that the claims against CSA, Ltd., Combat Support Associates, and SMI International Corporation, be dismissed without prejudice.

    Respectfully submitted on this
    2nd day of August 2007.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within ten days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal and a *de novo* determination by a district judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; M.D. Fla. R. 6.02; see also Fed. R. Civ. P. 6; M.D. Fla. R. 4.20.

Copies to:
United States District Judge
Counsel of Record